IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stefen E. Harris,                          ) | C/A No. 0:16-858-HMH-PJG |
|                                            ) | |
|       Petitioner,        ) | |
|                                            ) | |
| v.                                         ) | **REPORT AND RECOMMENDATION** |
|                                            ) | |
| David Dunlap, *Warden*,                    ) | |
|                                            ) | |
|       Respondent.        ) | |
| _____) | |

The petitioner, Stefen E. Harris ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

**I.    Factual and Procedural Background**

Petitioner indicates he was convicted of trafficking crack and possession of a weapon in the Richland County Court of General Sessions in 1996. (ECF No. 1 at 1.) He claims he was sentenced to an aggregate term of thirty years' imprisonment. (Id.) In 2001, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court to challenge his 1996 convictions. Harris v. State of S.C., C/A No. 9:01-3994-HMH. The court granted the respondent's motion for summary judgment and dismissed the petition. Id.

Petitioner now brings this petition for a writ of habeas corpus pursuant to § 2254. (ECF No. 1.) In the Petition, Petitioner alleges the South Carolina Department of Corrections ("SCDC")

PJG

unilaterally recalculated his sentence and changed his max-out date in violation of the Fourteenth Amendment's Equal Protection and Due Process clauses. (Id. at 6.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings

to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Analysis

The instant case should be summarily dismissed as a successive § 2254 petition. "[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also 28 U.S.C. § 2244(b). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Davis v. McFadden, C/A No. 0:14-2662-RMG, 2014 WL 5305931, at *4 (D.S.C. Oct. 15, 2014) (adopting and incorporating Report and Recommendation). Thus, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit before this court may consider a second or successive § 2254 petition. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also In re Williams, 330 F.3d 277 (4th Cir. 2003). As Petitioner provides no indication that he received such permission from the Fourth Circuit prior to filing this Petition, it is subject to summary dismissal. Petitioner can obtain the forms necessary to seek authorization to file

a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

However, in light of his *pro se* status, the court will allow Petitioner fourteen (14) days from the date of this order to file an amended petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 if he so elects.[1]

---

[1] While habeas actions filed under § 2241 do not require pre-filing authorization from the Fourth Circuit, courts are split about whether a prisoner who is in custody pursuant to a state court judgment can proceed under § 2241, and the Fourth Circuit has not ruled on this issue. Some jurisdictions have held that a person in custody pursuant to a judgment of a state court *must* proceed under § 2254 whether they challenge the underlying state conviction or the execution of the state sentence. See, e.g. White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004) (holding that § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody to a state court judgment, "even when the petitioner is not challenging his underlying state court conviction"); Cook v. N.Y. State Div. Of Parole, 321 F.3d 274, 278 (2d Cir. 2003); Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 633 (7th Cir. 2000). Other jurisdictions have found that § 2254 is a limitation on the general jurisdiction of § 2241, and therefore, a person in custody pursuant to a state court judgment must comply with the procedural restrictions of § 2254, whether the petition was filed pursuant to § 2241 or § 2254. See, e.g., Gonzalez-Fuentes v. Molina, 607 F.3d 864, n.9 (1st Cir. 2010) (stating that, while a person in custody pursuant to a state court judgment may file a § 2241 habeas petition to attack the manner in which his sentence is executed, as opposed to the sentence itself, he must still comply with the procedural requirements of § 2254); Rittenberry v. Morgan, 468 F.3d 331, 338-39 (6th Cir. 2006); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). The Tenth Circuit, however, has found that § 2254 and § 2241 are separate and distinct avenues for habeas relief for state prisoners. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (providing a §2254 action is proper only to challenge the validity of the prisoner's conviction and sentence, whereas § 2241 is proper only to attack the execution of the sentence).



### III.     Conclusion

Accordingly, the court recommends that the Petition for a writ of habeas corpus be dismissed without prejudice and without requiring the Respondent to file a return, unless Petitioner files an amended petition within fourteen days of the date of this order.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 9, 2016
Columbia, South Carolina

*Petitioner is directed to the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).