IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stefen E. Harris, | ) | C/A No. 0:16-858-HMH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David Dunlap, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Stefen E. Harris ("Petitioner"), a self-represented state prisoner, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This Amended Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Amended Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

I.      **Factual and Procedural Background**

Petitioner indicates that in 1996 he was convicted in the Richland County Court of General Sessions of trafficking crack cocaine and possession of a weapon. (ECF No. 1 at 1.) He claims he was sentenced to an aggregate term of thirty years' imprisonment. (Id.) In 2001, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court to challenge his 1996 convictions. Harris v. State of S.C., C/A No. 9:01-3994-HMH. The court granted the respondent's motion for summary judgment and dismissed the petition. Id.

On March 16, 2016, Petitioner filed a petition for a writ of habeas corpus pursuant to § 2254 in this case. (ECF No. 1.) In the Petition, Petitioner alleged the South Carolina Department of

Corrections ("SCDC") unilaterally recalculated his sentence and changed his max-out date in violation of the Fourteenth Amendment's Equal Protection and Due Process clauses. (Id. at 6.) This court summarily dismissed the § 2254 petition because Petitioner failed to ask permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. (ECF No. 17.) However, the order dismissing the petition granted Petitioner leave to file an amended petition seeking habeas corpus relief pursuant to § 2241. (Id.) Petitioner filed this Amended Petition pursuant to § 2241 on July 7, 2016. (ECF No. 21.) For the reasons set forth below, the court finds that the Amended Petition should also be dismissed for failure to seek permission from the Fourth Circuit to file a second or successive petition.

## II.    Discussion

### A.    Standard of Review

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Vial, 115 F.3d at 1194 n.5.

### B.    Analysis

Despite the amendment to seek relief under § 2241, the instant case should nevertheless be summarily dismissed as a successive petition. Following this court's June 6 Order, the United States Court of Appeals for the Fourth Circuit issued an opinion explaining that prisoners in custody pursuant to a judgment of a state court may only seek habeas relief under § 2254, even if they are



challenging the execution of their sentence. See In re Wright, __ F.3d__, 2016 WL 3409851(4th Cir. June 21, 2016). The Fourth Circuit consequently found that even if the petition is filed pursuant to § 2241, those petitions are subject to the second or successive authorization requirement set forth in § 2244(b)(3). Id. Accordingly, even though Petitioner filed an amended petition pursuant to § 2241, the court must apply the authorization requirement of § 2244(b)(3) to his petition.

"[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also 28 U.S.C. § 2244(b). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. See Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997); Davis v. McFadden, C/A No. 0:14-2662-RMG, 2014 WL 5305931, at *4 (D.S.C. Oct. 15, 2014) (adopting and incorporating Report and Recommendation). Thus, under § 2244(b), Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit before this court may consider a second or successive habeas corpus petition. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions."); see also In re Williams, 330 F.3d 277 (4th Cir. 2003). As Petitioner provides no indication that he received such permission from the Fourth Circuit prior to filing this Amended Petition, it is subject to summary dismissal. Petitioner can obtain the forms necessary to seek authorization to file a second or successive habeas petition from the Clerk's Office of the Fourth Circuit Court of Appeals.

PJG

**III.    Conclusion**

Accordingly, the court recommends that the Amended Petition for a writ of habeas corpus

be dismissed without prejudice and without requiring the Respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 17, 2016
Columbia, South Carolina

*Petitioner is directed to the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).