IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Stefen E. Harris, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:16-858-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| David Dunlap, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Stefen E. Harris ("Harris") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Gossett recommends dismissing the amended petition without prejudice and without requiring the Respondent to file a return, because Harris' amended petition is second or successive.[2] (Report & Recommendation, generally, ECF No. 27.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Previously, on June 6, 2016, the court summarily dismissed Harris' § 2254 petition because he failed to request permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive petition. (June 6, 2016 Order, ECF No. 17.) However, the court granted Harris leave to file an amended petition seeking habeas corpus relief pursuant to § 2241. (Id.) Harris filed an amended petition pursuant to § 2241 on July 7, 2016. (Am. Pet., ECF No. 21.)

1

Harris filed objections to the Report and Recommendation.[3] Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Harris' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Harris states that he was convicted of trafficking crack cocaine and possession of a weapon in 1996 and sentenced to thirty years' imprisonment. (Pet. 1, ECF No. 1.) In his amended petition, Harris contends that the South Carolina Department of Corrections ("S.C.D.C.") unilaterally modified and changed his max out date for his state sentence. (Am. Pet. 3, ECF No. 21; Objs. 2, ECF No. 29.) Harris objects to the Report and Recommendation arguing that this claim is not successive because "[t]he recalculation done by S.C.D.C. caused a new judgment and sentence; resentencing led to a new judgment, and his first application challenging the new judgment cannot be 'second or successive.'" (Id.) On June 21, 2016, subsequent to the court's June 6, 2016 Order, the United States Court of Appeals for the Fourth Circuit held in In re Wright, that prisoners in custody pursuant to a state court judgment may only seek habeas relief under

---

[3] Houston v. Lack, 487 U.S. 266 (1988).

2

§ 2254, even where the prisoner is challenging the execution of the sentence. In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in [28 U.S.C.] § 2244(b)(3)."). Thus, any habeas petition filed by state prisoners, including those filed pursuant to § 2241, are subject to § 2244(b)(3), which provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Harris previously filed a § 2254 petition challenging his 1996 convictions. Harris v. State of S.C., C/A No. 9:01-3994-HMH. Moreover, calculation of a prisoner's sentence is not a "new judgment" as argued by Harris. (Objs. 2, ECF No. 29.) In contrast, Harris is challenging the S.C.D.C.'s execution of an existing judgment. Further, there is no evidence that Harris has received permission from the Fourth Circuit to file a successive petition. Based on the foregoing, Harris' petition is second or successive. Thus, the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the amended petition is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
September 8, 2016

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.